IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RHONDA ALEY, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. 5:22-cv-330 (GTS/TWD) |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| LIGHTFIRE PARTNERS, LLC | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

Plaintiff Rhonda Aley (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.  The Plaintiff alleges that Lightfire Partners, LLC ("Lightfire Partners") made unsolicited telemarketing calls to her residential telephone number that is listed on the National Do Not Call Registry.

4.  Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.  Plaintiff Rhonda Aley is an individual citizen and resident of this District.

7.  Defendant Lightfire Partners, LLC is a Missouri limited liability company.

## JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9.  This Court has personal specific jurisdiction over Lightfire Partners because it makes telemarketing calls into this District, just as it did with the Plaintiff.

10.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where she received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

11.  In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.   § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant Lightfire Partners is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Lightfire Partners business is generating new customers and leads for the businesses that it works for.

18. It does so by making telemarketing calls.

19. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Ms. Aley

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number (the "Number"), 315-225-XXXX, is on the National Do Not Call Registry and has been registered continuously since October 27, 2008.

22. Despite this, the Defendant placed multiple telemarketing calls to Ms. Aley.

23. Ms. Aley received telemarketing calls from the Defendant on January 31 (4 calls), February 1 (3 calls), 2 (calls) and 11, 2022.

24. The Plaintiff refused to answer all of the calls on January 31, 2022.

25. However, the calls continued.

26. The Plaintiff then answered one of the calls on February 1, 2022.

27. During the call, which was a scripted telemarketing pitch, the Defendant asked the Plaintiff about the cost of her car insurance rate.

28. The advertisement on the call was that the Plaintiff had the opportunity to lower her car insurance cost if she agreed to the Defendant's services.

29. The Plaintiff was not interested and she asked the Defendant to no longer call.

30. However, she continued to receive calls on February 2 and 11, 2022.

31. All of the calls were made from Caller ID (315) 203-8396.

32. When calling that number back, the caller states "thank you for calling autoprotections.us".

33. That website identifies the Defendant's services:

> LIGHTFIRE PARTNERS, LLC (the "Company") respects the privacy of our users of the autoprotectors.us website (the "Site" and has developed these Terms of Use and Privacy Policy to demonstrate its commitment to protecting your privacy. These Terms of Use and Privacy Policy are intended to describe for you, as an individual who is a user of the Site, the information we collect, how that information may be used, with whom it may be shared, and your choices about such uses and disclosures. By using the Site, you are accepting the practices described in these Terms of Use and Privacy Policy.

34. Plaintiff's privacy has been violated by the above-described telemarketing calls.

35. The Plaintiff never provided her consent or requested these calls.

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

37. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

38. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

39. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

40. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41. The Class as defined above are identifiable through phone records and phone number databases.

42. The potential members of the Class number at least in the thousands.

43. Individual joinder of these persons is impracticable.

44. The Plaintiff is a member of the Class.

45. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

  (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

  (c) whether Defendant's conduct constitutes a violation of the TCPA;

  (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. Plaintiff's claims are typical of the claims of members of the Class.

47. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

50. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

52. The Defendant's violations were negligent, willful, or knowing.

53. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

54. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as a representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

  F. An award to Plaintiff and the Class of damages, as allowed by law; and

  G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

            Plaintiff,
            By her attorneys,

Dated: April 7, 2022

          By: */s/ Aytan Y. Bellin*
           Bellin & Associates LLC
           50 Main Street, Suite 1000
           White Plains, NY 10606
           [o] (914) 358-5345
           [f] (212) 571-0284
           Aytan.bellin@bellinlaw.com

           Anthony I. Paronich
           Paronich Law, P.C.
           350 Lincoln Street, Suite 2400
           Hingham, MA 02043
           [o] (617) 485-0018
           [f] (508) 318-8100
           anthony@paronichlaw.com
           *pro hac vice* to be filed