IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RHONDA ALEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LIGHTFIRE PARTNERS, LLC<br><br>　　　　　Defendant. | Case No. 5:22-cv-00330 |

## OPPOSITION TO MOTION FOR RECONSIDERATION

### INTRODUCTION

This Court should not reconsider its ruling granting the Plaintiff's motion for class certification. The Defendant's motion for reconsideration is procedurally improper on two levels, and fails to articulate any reason why the Court should reconsider its ruling. It should therefore be denied.

### RELEVANT LAW

The standard for a motion to reconsider is governed by FED. R. CIV. P. 59(e) and 60(b), which permit a Court to "alter or amend" a judgment or "relieve a party . . . from a final judgment, order or proceeding." Recognizing the limited purpose articulated under the federal rules for granting reconsideration of motion-based relief, the Second Circuit has counseled that "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Reconsideration is not a proper tool to repackage and re-litigate arguments and issues already considered by the Court in deciding the

1

original motion, nor is it an invitation to reargue issues already considered or raise new ones. *See Lehmuller v. Inc. Vill. of Sag Harbor*, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

Relatedly, FED. R. CIV. P. 23(f) outlines the limited, discretionary appeals process that a party aggrieved by an order either granting or denying certification may take. That rule provides in relevant part that "a party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered." Defendant Lightfire has done so.

**ARGUMENT**

**A. <u>Defendant points to none of the factors rendering reconsideration appropriate.</u>**

As explained above, the Second Circuit has articulated three circumstances under which reconsideration may be appropriate: a change in the controlling law, the availability of new evidence, or the need to correct plain errors or manifest injustice. *Kolel Beth Yechiel*, 729 F.3d at 104. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In neither its motion nor in its brief with the Second Circuit, as more fully explained though Plaintiff's reply, does Defendant articulate how it meets any of those three standards. In its motion here, Lightfire argues a hybrid of the first and third elements, contending that this Court erred by not adequately considering limited and distinguishable case law in which class certification has been denied and arguing that this constitutes a change in the controlling law.

Not so. As the attached brief in opposition to the Defendant's petition, attached herein as Exhibit A and filed with the Second Circuit makes clear, this Court's decision here was squarely in line with the long list of TCPA Do Not Call Registry class actions which are *routinely* granted

2

certification, even when the defendant claims there are issues of consent. And this Court's ruling was appropriate because it found that *uniform* legal contentions of issues with the proffered consent evidence were capable of *classwide proof* and therefore that class certification was appropriate. Most of the cases cited by the Plaintiff in her original motion, and again on appeal at the Second Circuit, dealt with issues of consent in nearly the same way the District Court did and appropriately granted class certification. *See, e.g.*, *Bridging Cmtys., Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016) (reversing denial of class certification on predominance grounds); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) ("Class certification is normal under § 227, because the main questions . . . are common to all recipients."); *Chapman v. Wagener Equities, Inc.*, No. 09-c-07299, 2014 WL 540250, at *15, n. 11 (N.D. Ill. 2014), *leave to appeal denied* 747 F.3d 489 (7th Cir. 2014) (discussing "the many cases decided during and since 2011 in which TCPA classes have been certified," as well as the Seventh Circuit's observation in *Turza* that "class certification is the norm in TCPA cases"); *Williams v. PillPack LLC*, 343 F.R.D. 201, 209 (W.D. Wash. 2022) (holding no individualized inquiry was necessary to determine legal sufficiency of consent for all class members ); *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 655 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 676 (2019) (upholding jury verdict of TCPA DNC class action); *Mantha v. Quotewizard.com, LLC*, No. CV 19-12235-LTS, 2021 WL 6061919, at *8 (D. Mass. Dec. 13, 2021) (certifying DNC class action where there were legal issues with consent); *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022) (same); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1114 n.2 (9th Cir. 2022), cert. denied, 143 S. Ct. 1756, 215 L. Ed. 2d 653 (2023) (affirming class certification on basis that proffered consent did not name a specific seller).

Purportedly individualized issues of consent form the primary basis for which Lightfire contends appeal should be allowed before the Second Circuit. But the old cases cited by the Defendant, some for the first time in its petition there, are likewise distinguishable, dealing with lead lists compiled from multiple sources, unlike the single website here, and dealing with standing issues which were not even raised here. *Contra Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 323 (5th Cir. 2008) (holding individualized issues predominated over lead lists compiled from multiple sources); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019) (remanding certified class action on standing grounds). These two cases hardly justify a finding of "clear error," or show that there is manifest injustice requiring this Court to reconsider its ruling. They also certainly do not constitute an intervening change of controlling law. To the contrary, the wealth of authority cited above demonstrate that the Court's decision to grant certification was eminently appropriate and in line with the long line of cases certifying similar class actions in light of substantially similar arguments to those advanced here.

Because Lightfire can point to none of the factors justifying reconsideration, reconsideration ought to be denied.

**B. <u>Reconsideration is inappropriate in light of Defendant's Rule 23(f) petition.</u>**

Lightfire's motion for reconsideration is all the more perplexing because Lightfire has moved at the Second Circuit for allowance of appeal under Rule 23(f). That petition, as well as the Plaintiff's response in opposition, is currently pending before the Second Circuit. It would be inappropriate for this Court to grant and reconsider its motion granting class certification in light of the proceedings before the Second Circuit. If the Second Circuit allows the appeal, the parties will then appropriately proceed there. And if the Second Circuit denies the petition, which Plaintiff contends is the appropriate course, the Second Circuit will have found no facts

justifying "a likelihood of succeeding on the merits of an appeal," and thus implicitly rendering reconsideration inappropriate under the parallel standard for those motions. *See Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139–40 (2d Cir. 2001) (holding that 26(f) petition is appropriate only upon a showing of a likelihood success on the merits, as demonstrated through an abuse of discretion on a "novel legal question" or where the District Court's opinion is "questionable").

It should also be noted that Lightfire failed to comply with Local Rules 60.1 and 7.1(a)(2), requiring a meet and confer to resolve the motion and seek a conference with the Magistrate Judge. Especially in light of the Rule 23(f) petition currently pending before the Second Circuit, this Court should not reconsider its order. The Second Circuit will appropriately decide whether allowing the appeal is appropriate or not, and the parties should proceed accordingly in light of the Second Circuit's order.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Defendant's motion for reconsideration be denied.

For the Plaintiff,

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

Dated: October 3, 2024

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: October 3, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
