UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RHONDA ALEY,
on behalf of herself and others similarly situated,

                                    Plaintiffs,

v.

LIGHTFIRE PARTNERS, LLC,

                                    Defendant.

5:22-cv-00330
(AMN/TWD)

---

**APPEARANCES:**

**KATSKY KORINS LLP**
605 Third Avenue, 17th Floor
New York, NY 10158
*Attorneys for Plaintiffs*

**PERRONG LAW LLC**
2657 Mt. Carmel Ave.
Glenside, PA 19038
*Attorneys for Plaintiffs*

**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
*Attorneys for Plaintiffs*

**THE LATIN LAW GROUP, LLC**
4751 Best Road, Suite 490
College Park, GA 30337
*Attorneys for Plaintiffs*

**CUNNINGHAM DALMAN, P.C.**
321 Settlers Rd.
PO Box 1767
Holland, MI 49422
*Attorneys for Defendant*

**WOODS OVIATT GILMAN LLP**
1900 Bausch & Lomb Place

**OF COUNSEL:**

**AYTAN Y BELLIN, ESQ.**

**ANDREW R. PERRONG, ESQ.**

**ANTHONY PARONICH, ESQ.**

**LATRICE LATIN ALEXANDER, ESQ.**

**JOHN D. FITZPATRICK, ESQ.**

**WILLIAM G. BAUER, ESQ.**

Rochester, NY 14604
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.   INTRODUCTION

Presently before the Court is Defendant Lightfire Partners, LLC's ("Defendant Lightfire") motion for reconsideration in response to this Court's August 30, 2024 Memorandum Decision and Order, Dkt. No. 91 (the "Certification Order"), granting Plaintiff's motion to certify the class. Dkt. No. 93 (the "Motion").[1]  Plaintiff Rhonda Aley ("Plaintiff Aley") filed an Opposition to the Motion on October 3, 2024.  Dkt. No. 94.

For the reasons set forth below, the Motion is denied.

## II.   BACKGROUND

### A.   The Court's August 30, 2024 Certification Order[2]

The Complaint alleges that Defendant Lightfire engaged in conduct that violated Plaintiff's rights under the Telephone Consumer Protection Act of 1991 ("TCPA").  *See generally* Dkt. No. 1.  The Court's Certification Order granted Plaintiff Aley's motion to certify a class of 62,225 proposed class members, holding, *inter alia*, that shared issues amongst all the proposed class members predominated over secondary individualized issues of consent. Dkt. No. 91 at 11-14. In making this determination, the Court considered all of the allegations in the Complaint and the Defendant's opposition to the motion for certification. *Id.* at 13.

---

[1]   Citations to docket entries utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[2]   The Court assumes the parties' familiarity with the background of this matter, and only discusses here those facts relevant to resolving the Motion.

**B.     The Motion**

Defendant now asks the Court to reconsider its Certification Order. Dkt. No. 92. In doing so, Defendant relies entirely on one argument: that "the granting of the Motion for Class Certification cannot be reconciled with a substantial body of case law that denies certification to nationwide 'Do-Not-Call' classes because, in nearly every such case, individualized issues of consent are found to predominate." *Id.* at 2.[3] In their opposition, Plaintiff argues that Defendant fails to identify a single factor rendering reconsideration appropriate and that reconsideration is unwarranted in light of Defendant's attempted appeal. Dkt. No. 94.

**III.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59 ("Rule 59") provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion 'only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Berardi v. Berardi*, No. 1:22-cv-00159 (BKS/DJS), 2023 WL 4544625, at *3 (N.D.N.Y. June 12, 2023) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-43 (2d Cir. 2020)). "Further, '[t]he standard for granting a motion to amend or alter the judgment pursuant to [Rule] 59(e) in the Second Circuit is strict and reconsideration will generally be denied.'" *Id.* (quoting *Marshall v. United States*, 368 F. Supp. 3d 674, 677 (S.D.N.Y. 2019)).

---

[3] Defendant attaches its Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), filed before the Second Circuit, to provide the substance of its argument. Dkt. No. 92-1. The Court considers the arguments made there to the extent they are relevant to the Motion.

IV.     DISCUSSION

Defendant Lightfire's sole argument, that the Court overlooked a "chorus" of cases rejecting certification in similar circumstances and that the Certification Order constitutes a "radical departure," is without merit. Dkt. No. 92-1 at 10.[4] Defendant asks this Court to ignore clear distinctions between the case before it and the identified cases. Moreover, Defendant ignores this Court's well-established power to "alter[] or amend[]" an order granting class certification before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C). As such, the Court denies the Motion.

First, to justify reconsideration, Defendant argues that this Court overlooked controlling precedent barring certification where individualized issues of consent exist. This is incorrect. Indeed, the Court acknowledged that such individualized issues *exist* in this case but found that those issues do not defeat certification because a class-wide method of resolving consent also exists. In doing so, the Court distinguished the case law marshalled in the Defendant's opposition to certification suggesting that individualized issues preclude certification. Dkt. No. 91 at 12-13.[5] Defendant fails to identify a single case fully comparable to the one before this Court, and instead, hopes that this Court will trust its characterization of a slew of superficially similar TCPA cases.[6]

---

[4] The Court interprets Defendant's Motion to argue that this Court overlooked controlling precedent, and thus, there is a "need to correct a clear error or prevent manifest injustice." *Berardi*, 2023 WL 4544625, at *3 (citation omitted).

[5] The Court finds that none of the other new cases cited in Defendant's Rule 23(f) petition to the Second Circuit necessitate reconsideration.

[6] Moreover, Defendant misrepresents the state of the law on granting certification in TCPA cases. Dkt. No. 92 at 2. As Plaintiff points out, there are many cases in which individual issues exist, yet certification is granted. *See, e.g., Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016) ("We have recognized repeatedly that the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones") (internal quotation omitted); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013) (noting class certification is typical in TCPA cases); *Williams v. PillPack LLC*, 343 F.R.D. 201 (W.D. Wash. 2022) (finding a common question of consent predominated over individual issues); *see also Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 326–29 (5th Cir. 2008) (refusing to certify but acknowledging that where, as here, a defendant obtained all

4

But even a cursory look at Defendant's cases reveals fundamental differences which justify the varying determinations on certification.

First, in *Hunter v. Time Warner Cable, Inc.*, the Court denied certification because "adjudicating whether or not members of the class consented to its calls lack[ed] a common method of proof." 15-CV-6445 (JPO), 2019 WL 3812063, at *16 (S.D.N.Y. Aug. 14, 2019). Here, as made clear in the Court's Certification Order, there is a common method of proof available for adjudicating whether members of the class consented to Defendant's calls. If Plaintiff can prove that the supposed consent obtained through myjobscorner.com was inadequate due to a defect in the manner in which the website sought consent, Defendant's defense of consent fails as to every single class member. As such, in contrast to *Hunter*, there is a "common method proof" on the issue of consent. 2019 WL 3812063, at *16.

Similarly, in *Ung v. Universal Acceptance Corporation*, the district court had no way of resolving the issue of consent on a class-wide basis. 319 F.R.D. 537, 541 (D. Minn. 2017). There, the Court explained:

> The foregoing shows that the issue of consent is unique to each individual class member. Liability in each instance, or the extent thereof, will hinge on whether the class member orally consented to be called when contacted by Universal; voluntarily provided his or her cell phone number, either directly or through the car purchaser; appeared at the time of the purchase and agreed to be contacted; or provided his or her consent in some other way.

*Id.* at 540-41. Thus, the court denied certification because there were several methods through which the class members could have expressed their consent to being called. Here, only one method of consent exists. All 62,225 class members allegedly gave consent when they visited myjobscorner.com. Therefore, this Court has a readily accessible method of addressing and

---

phone numbers from "a single purveyor of such information" there exists a "class-wide means of establishing the lack of consent").

resolving the issue of consent on a class-wide basis.

Finally, in *Shamblin v. Obama for America*, the court relied on the fact that "consent was obtained in a multitude of ways—such as website signups, signups at events, campaign contributions, contest submissions, online petitions, and 'offline' signups (e.g., door to door field signups)—through which individuals provided their cell phone numbers[.]" No. 8:13-cv-2428-T-33TBM, 2015 WL 1909765, at *11 (M.D. Fla. Apr. 27, 2015). Because of this, the Court found there was no "classwide proof on [the] outcome-determinative issue" of consent. *Id.* at *7 (internal quotation marks omitted). Again, that is not the case here.

Though not cited by Defendant, the remaining cases cited in *Hunter* as constituting the "chorus" of case law are similarly inapplicable. In *Tomeo v. CitiGroup, Inc.*, the court recognized that "[c]ourts determine whether issues of individualized consent defeat commonality and predominance in . . . TCPA cases on a case-by-case basis after evaluating the specific evidence available to prove consent." NO. 13 C 4046, 2008 WL 4627386, at *8 (N.D. Ill. Sep. 27, 2018) (quoting *Physicians Healthsource, Inc., v. A-S Medication Sols.*, LLC, 318 F.R.D. 712, 725 (N.D. Ill. 2016)). Moreover, that case explicitly relied on the fact that "there [was] no uniform circumstance or form that indicated whether consent [was] present." *Id.* at *9. Here, there is a uniform circumstance and form: myjobscorner.com. In *Jacobs v. Quicken Loans, Inc.*, the court similarly relied on the fact that "a manual review of records will be needed" to determine the issue of consent for class members because "there [were] a number of ways that consent could be obtained (calls, voicemails, emails)." 15-81386-CIV-MARRA, 2017 WL 4838567, at *3 (S.D. Fla. Oct. 19, 2017). And in *Davis v. AT&T Corp.*, the court declined to certify because the only way to resolve the consent issue was "an inquiry into each call recipient's individual circumstances." 15cv2342-DMS (DHB), 2017 WL 1155350, at *6 (S.D. Cal. Mar. 28, 2017).

6

Again, that is not the case here: Plaintiff has made a showing that the issue of consent may be resolved on a class-wide basis by attacking the adequacy of the methods used on myjobscorner.com.  Thus, regardless of whether such an argument will ultimately succeed, Plaintiff has carried its burden of establishing that class certification is warranted.

In summary, while the cases cited by Defendant confronted individualized issues of consent which would make class-wide adjudication difficult, none involved the possibility of a simultaneous method for resolving the issue of consent as to every class member without delving into individualized issues.  That such an alternate method exists is a vital distinction which warrants certification.

In so ruling, the Court does not overlook the potential difficulties it would face in adjudicating the case on a class-wide basis should the Court determine that the consent obtained through myjobscorner.com was adequate.  At that point, Defendant is correct that several, individualized issues of consent would threaten to overwhelm the case.  The Court acknowledged this possibility in its Certification Order.  Dkt. No. 91 at 12.  However, Defendant ignores this Court's power to revisit its Certification Order.  *See Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 262 (2d Cir. Mar. 9, 2021) (to decertify *sua sponte*, "the district court need only find that a previously satisfied requirement of Rule 23 is now lacking").  Therefore, if the class-wide question of the sufficiency of the consent provided through myjobscorner.com is answered in favor of Defendant, the Court will have the opportunity to consider whether the remaining issues in the case are best resolved on a claimant-by-claimant basis.  "[C]ourts are required to reassess their rulings as the case develops," and "must define, redefine, subclass, and decertify as appropriate in the progression of the case from assertion to facts." *Boucher v. Syracuse University*, 164 F.3d 113, 118 (2d Cir.1999) (quotation omitted); *Sanders v. Levy*, 558 F.2d 636, 643 (2d Cir.1976),

7

*overruled on other grounds*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ("If, on the other hand, unmanageability *should develop* or facts should arise which indicate that class treatment is inappropriate, the district judge can reassess the procedures to be employed and can even reconsider the class action designation") (emphasis added). Thus, that the case before this Court might, at one point, become unmanageable does not preclude certification where a clear possibility of resolution on a class-wide basis exists. *See, e.g., Smilow v. Sw. Bell. Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir. 2003) (finding that if evidence later shows a defense bars at least some class members, the court has available adequate procedural mechanisms).

V.  **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to reconsider, Dkt. No. 92, is **DENIED**.

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2024
Albany, New York

Anne M. Nardacci
U.S. District Judge