IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

RHONDA ALEY, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff,

v.

LIGHTFIRE PARTNERS, LLC

        Defendant.

Case No. 5:22-cv-00330

(AMN/TWD)

## PLAINTIFF'S UNOPPOSED MOTION TO DECERTIFY CLASS

Plaintiff Rhonda Aley ("Plaintiff")hereby moves the Court to decertify the class certified in an Order entered August 30, 2024 (ECF No. 91) and, in support thereof, states as follows:

### RECENT BACKGROUND

On April 7, 2022, Plaintiff filed a Complaint alleging that Lightfire Partners, LLC ("Defendant") made telemarketing calls to her while she was on the national Do-Not-Call ("DNC") registry, and after she requested that the calls cease, in violation of 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5). On December 11, 2023, 20 months after the case filing and significant discovery, Plaintiff moved for class certification. (ECF No. 68.) Plaintiff sought to represent one putative class comprised of every person in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from Lightfire as part of the "Auto Protectors" calling campaign (3) within a 12-month period, (4) as evidenced in the calling data Lightfire produced in this lawsuit, (5) from four years prior the filing of the Complaint." (ECF 68-1 at p. 1, 4.) On August 30, 2024, District Judge Nardacci certified that national DNC class and later denied a motion to reconsider the ruling. Defendant also timely petitioned to appeal from the August 30,

1

2024 Order that certified the class with the Court of Appeals for the Second Circuit under Fed. R. Civ. P. 23(f). That petition is pending.

On December 11, 2024, after certifying the class in this action, Magistrate Judge Dancks ordered the parties to attend a mandatory mediation no later than December 30, 2024. (ECF No. 97). The parties agreed that Stephen T. Helmer, a Court-approved mediator, would serve as a mediator for the case and provided notice of that selection in a Stipulation dated November 20, 2024 (ECF 102). On December 11, 2024, the parties appeared in person for a mediation session with Mr. Helmer that began at 10:00 am ET, accompanied by their respective counsel of record: Andrew Perrong for the Plaintiff (with his colleague and co-counsel for the class, Anthony Paronich, participating remotely) and John Fitzpatrick for the Defendant, Lightfire Partners, LLC. After discussing the matters in dispute with the clients and eliciting Mr. Helmer's input on the risk and potential benefit of continuing the litigation, counsel for the parties agreed to resolve the case on confidential financial terms. That settlement was memorialized in a written agreement, the terms of which are agreed, comprised of the following elements:

(i) individual resolution of the claim that Ms. Aley asserted for the alleged violation of the TCPA; *conditioned on*,

(ii) decertification of the class claims; and,

(iii) dismissal of the plaintiff's claims with prejudice soon after Plaintiff receives payment of the sum the parties agreed would satisfy her individual claims.

## BASIS FOR DECERTIFICATION

Rule 23(c)(1)(C) provides that an order certifying a class "may be altered or amended before final judgment." In the period before class notice, the Court's certification order is "inherently tentative" and may be freely modified in light of subsequent developments in the

litigation. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)). The district court "is afforded broad discretion in class certification questions" and "has the ability" to, *inter alia*, "decertify the class whenever warranted." *MacNamara v. City of New York*, 275 F.R.D. 125, 137 (S.D.N.Y. 2011). "Courts faced with a motion to decertify must also take account of the progression of the litigation." *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011)

Here, the Court certified the class and ordered mediation, a vehicle to achieve a resolution that was successful in that the parties agreed to resolve the Plaintiff's claims on an individual basis and cease litigation on the disputed issues affecting the class. At this time, Plaintiff has not provided notice to any of the members of the Certified Class. As such, efforts to comply with the notice requirements of Rule 23(c)(2)(B) have not yet begun. Moreover, the Court has not yet resolved disputed legal questions of liability for the alleged TCPA violations or adjudicated the Defendant's anticipated defenses of express consent and safe harbor by way of substantial compliance with TCPA regulations. *See* 47 U.S.C. § 227(c)(5). Accordingly, there is nothing that mandates this case proceed on a class basis and the parties agree that it should not, in light of the foregoing settlement.

Moreover, there is no rule or Second Circuit precedent requiring the Court's approval for the terms of the individual settlement agreement or accompanying decertification of the class. *Benavides v. Serenity Spa NY Inc.*, No. 15-CV-9189 (JLC), 2018 WL 2383144, at *3 (S.D.N.Y. May 25, 2018).(granting decertification of class after individual settlement and adopting terms of settlement agreement).

For the foregoing reasons, Plaintiff respectfully moves the Court to decertify the class so that the parties can finalize their settlement and, in the near future, stipulate to dismissal of the Plaintiff's claims.

Dated: December 18, 2024

**RHONDA ALEY**

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
One of her attorneys

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: December 18, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.