**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RHONDA ALEY,
on behalf of herself and others similarly situated,

                                            5:22-cv-00330
                                             (AMN/TWD)

                            Plaintiffs,

v.

LIGHTFIRE PARTNERS, LLC,

                            Defendant.

**APPEARANCES:**                                 **OF COUNSEL:**

**KATSKY KORINS LLP**                    **AYTAN Y BELLIN, ESQ.**
605 Third Avenue, 17th Floor
New York, NY 10158
*Attorneys for Plaintiffs*

**PERRONG LAW LLC**                     **ANDREW R. PERRONG, ESQ.**
2657 Mt. Carmel Ave.
Glenside, PA 19038
*Attorneys for Plaintiffs*

**PARONICH LAW, P.C.**                  **ANTHONY PARONICH, ESQ.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
*Attorneys for Plaintiffs*

**THE LATIN LAW GROUP, LLC**        **LATRICE LATIN ALEXANDER,**
4751 Best Road, Suite 490                 **ESQ.**
College Park, GA 30337
*Attorneys for Plaintiffs*

**CUNNINGHAM DALMAN, P.C.**       **JOHN D. FITZPATRICK, ESQ.**
321 Settlers Rd.
PO Box 1767
Holland, MI 49422
*Attorneys for Defendant*

**WOODS OVIATT GILMAN LLP**       **WILLIAM G. BAUER, ESQ.**
1900 Bausch & Lomb Place

Rochester, NY 14604
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.    INTRODUCTION

On August 30, 2024, this Court granted Plaintiff's motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* Dkt. No. 91.  In the following months, the parties participated in mediation and reached a settlement comprised of the following elements: 1) individual resolution of Plaintiff Aley's Telephone Consumer Protection Act claim, conditioned on; 2) decertification of the class claims; and 3) dismissal of Plaintiff's claims with prejudice.  *See* Dkt. No. 105 at 2.[1]  Subsequently, Plaintiff Aley filed an unopposed motion to decertify the Rule 23 class, "so that the parties can finalize their settlement and, in the near future, stipulate to dismissal of the Plaintiff's claims."  *Id.* at 4 (the "Motion").  For the reasons stated below, the Motion is granted.

## II.    STANDARD OF REVIEW

"An order that grants or denies class certification may be altered or amended before final judgment."  Rule 23(c)(1)(C).  "[A] district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met."  *In re Scotts EZ Seed Litig.*, No. 12-CV-4727 (VB), 2017 WL 3396433, at *18 (S.D.N.Y. Aug. 8, 2017) (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982)).  Courts are "afforded broad discretion in class certification questions[,]" and they, *inter alia*, "ha[ve] the ability [to] . . . decertify the class whenever warranted."  *MacNamara v. City of New York*, 275 F.R.D. 125, 137 (S.D.N.Y. 2011) (quoting

---

[1] Citations to Court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001)). "Courts faced with a motion to decertify must also take account of the progression of the litigation." *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011) (citation omitted).

### III.    DISCUSSION

First, considering the "progression of the litigation," the Court finds that decertification is appropriate.  *Jermyn*, 276 F.R.D. at 169.   "Prior to the point at which notice is sent to class members, a certification order is 'inherently tentative.'"  *Wu v. Pearson Educ. Inc.*, No. 09-CV-6557 (KBF), 2012 WL 6681701, at *5 (S.D.N.Y. Dec. 21, 2012) (citation omitted).  Here, the class was certified less than a year ago, and Plaintiff has not given notice to any class members.  Dkt. No. 105 at 3.  Because notice was never sent, the statute of limitations has been tolled throughout the pendency of this action for members of the class.  *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC) (SN), 2017 WL 1434498, at *1 (S.D.N.Y. Apr. 19, 2017) ("In Rule 23 class actions . . . the statute of limitations resumes after a court's determination to decertify a class.").  Moreover, the Court has not yet opined on the merits of the class claims, and absent class members will not be bound by the settlement.  Therefore, at this early stage, "[d]ecertification of the class is [] appropriate [because] . . . no absent class members will be harmed by decertification." *Hernandez v. Autozone, Inc.*, 15-CV-05593 (FB-RLM), 2021 WL 12101044, at *3 (E.D.N.Y. Mar. 31, 2021); *see also Benavides v. Serenity Spa NY Inc.*, 15-CV-9189 (JLC), 2018 WL 2383144, at *3 (S.D.N.Y. May 25, 2018) ("Decertifying the Rule 23 class at this relatively early stage is thus unlikely to prejudice any potential class members."); *Abels v. JBC Legal Group, P.C.*, No. C 04-02345 JW, 2008 WL 782527, at *1 (N.D. Cal. Mar. 21, 2008) (decertifying where "notice to the class was never issued").

Second, the record reflects that a class action is no longer "superior" to other methods of adjudication, and thus, "the requirements of Rule 23 are not in fact met." *In re Scotts EZ Seed Litig.*, 2017 WL 3396433, at *18; Rule 23(b)(3). The parties have agreed, on the record, that Defendant's demonstrated financial status presents an obstacle to the efficient and just resolution of this dispute on behalf of the class. Indeed, the "prospect of a bankrupt judgment debtor down at the end of the road does not satisfy anyone involved in the use of class action procedures." *Sykes v. Harris*, 09 Civ. 8486 (DC), 2016 WL 3030156, at *14 (S.D.N.Y. May 24, 2016) (citations omitted) (assessing a class-wide settlement). Because "it is unlikely that the Defendants could satisfy a sizeable judgment on behalf of a class . . . . a class action is no longer the 'superior . . . method for fairly and efficiently adjudicating the controversy.'" *Martinez v. JLM Decorating, Inc.*, 20-CV-02969 (SN), 2025 WL 2123653, at *2 (S.D.N.Y. July 29, 2025) (quoting Rule 23) .

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to decertify, Dkt. No. 105, is **GRANTED**.

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 4, 2025
      Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge